**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Roger P.,**
**Petitioner Below, Respondent**

**vs.)  No. 20-0468** (Raleigh County (14-C-1039-B)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Roger P., by counsel Kyle G. Lusk, Matthew A. Bradford, and Brandon L. Gray, appeals the Circuit Court of Raleigh County's June 11, 2020, order denying his second petition for a writ of habeas corpus.[1] Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Center, by counsel Lara K. Bissett, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2005, petitioner was indicted on eight counts of first-degree sexual assault; four counts of first-degree sexual abuse; four counts of incest; and four counts of sexual abuse by a parent, guardian, or custodian. His trial counsel filed motions for discovery and a motion to suppress; counsel also took steps to obtain a competency and criminal responsibility evaluation.[2] Petitioner was tried before a jury on January 30 and February 2, 2006, and he was convicted of

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] While the order granting the motion for examination is included in the record before this Court, the parties do not point to the report from that examination in the nearly 1,600-page record. However, the State represented to the circuit court that the report was unfavorable to petitioner.

eleven counts: three counts of first-degree sexual assault; one count of first-degree sexual abuse; three counts of incest; and four counts of sexual abuse by a parent, guardian, or custodian. Trial counsel filed post-conviction motions for new trial and judgment of acquittal, but the circuit court denied those motions. Petitioner was sentenced to a term of incarceration of thirty to seventy years.

Petitioner filed his first petition for a writ of habeas corpus seeking resentencing by the circuit court so that he could file a direct appeal. The circuit court denied that petition, and petitioner appealed that denial to this Court in [*Roger P.*] *v. McBride*, No. 11-0525, 2012 WL 3055668 (W. Va. Apr. 16, 2012) (memorandum decision) ("*Roger P. I*"). In that memorandum decision, this Court reversed the circuit court's denial of habeas corpus relief, and petitioner was resentenced pursuant to that decision. Petitioner then filed his direct appeal through appellate counsel, Charles Catlett and Crystal Walden. *See State v. Roger P.*, No. 12-0792, 2014 WL 620483 (W. Va. Feb. 14, 2014) (memorandum decision) ("*Roger P. II*"). Mr. Catlett was petitioner's original appellate counsel; he filed the notice of appeal alleging that the jury instruction at issue omitted an element of intent and that the circuit court erred by failing to grant petitioner's motion to strike a juror for cause. The circuit court found that those strategic decisions are not reviewable in habeas proceedings pursuant to *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), and *State ex rel. Daniel v. Legursky,* 195 W. Va. 314, 465 S.E.2d 416 (1995). Prior to oral argument, Ms. Walden replaced Mr. Catlett as appellate counsel and argued the case before this Court. Ms. Walden made a strategic decision to waive the second ground for appeal and presented only the improper jury instruction argument. This Court affirmed petitioner's conviction by memorandum decision in *Roger P. II*. In that decision, this Court found that the trial court's instruction was incorrect but concluded that it was harmless error and petitioner's conviction was based on "extensive and overwhelming evidence of petitioner's commission of sexual acts against his stepdaughter."

Petitioner, acting as a self-represented litigant, filed a petition for a writ of habeas corpus on November 10, 2014, alleging the following: (1) ineffective assistance of trial counsel based on counsel's failure to file a motion for mental examination and failure to move for a speedy trial; (2) ineffective assistance of trial counsel based on counsel's "failure to be prepared for trial;" and (3) error with respect to the trial court's instruction on the issue of intent. By order entered on March 6, 2015, the circuit court denied the first and third grounds, finding that the first was not supported by the record and this Court had conclusively determined the merits of the third. In that same order, the court appointed counsel and allowed petitioner to set forth grounds for relief related to the following: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel with respect to the trial court's denial of the final defense motion to continue; and (3) ineffective assistance of appellate counsel with respect to issues raised in post-trial motions.

Petitioner, through counsel, filed an amended habeas petition on August 25, 2015, setting forth the grounds for relief allowed by the March 6, 2015, order. The circuit court held a hearing on the amended habeas petition on November 27, 2017, during which former trial counsel, Hassan Rasheed, and former appellate counsel, Ms. Walden, testified. In January of 2018, petitioner's former trial counsel, Gary Frasher, and former appellate counsel, Mr. Catlett, testified. Mr. Catlett testified that he concentrated on two issues on appeal as "a matter of strategy . . . if I have one good issue or two good issues, [I] stick to those, because that forces the Court to address those issues rather than write an opinion about a third issue and, in passing, say, oh, those other issues are without merit." Similarly, Ms. Walden testified regarding her decision to abandon the second

ground for appeal, stating there are "some things that are stronger than others and, if you fill your brief with 14 issues, . . . in my opinion from my experience, that's a signal to the Court that you have a weak case and you're throwing everything against the wall and hoping that something will catch their attention." Ms. Walden further testified that it was her strategic decision that the instructional issue was the stronger issue so she wanted to limit the Court's discussion to that issue. Petitioner also submitted a *Losh* list detailing his acknowledged waiver of claims.[3] The circuit court deemed petitioner's claims, aside from ineffective assistance of trial counsel claims, waived "as there was no direct claim in the [p]etition beyond ineffective assistance of counsel." Both petitioner and the State were ordered to submit proposed findings of fact and conclusions of law to the circuit court.

In its June 11, 2020, order denying petitioner's instant petition for habeas corpus, the circuit court found that petitioner could have previously advanced his ineffective assistance of trial counsel claim but failed to do so. It also concluded that petitioner never offered evidence to rebut the presumption, under West Virginia Code § 53-4A-1(c), that he intelligently and knowingly waived this claim. Despite this finding of waiver, the circuit court addressed the substance of petitioner's ineffective assistance of counsel claims, beginning by categorizing petitioner's assertions as follows: (1) defense counsel had no coherent theory of the case; (2) defense counsel's opening statement was completely ineffectual; (3) defense counsel made no effort to impeach the credibility of any of the State's witnesses; (4) defense counsel put on no affirmative defense and called no defense witnesses; and (5) defense counsel's closing argument all but conceded the inevitable. As to the sixth ground of his habeas petition, the circuit court found that although "it appears that [p]etitioner waived any claim on this ground in the First Amended Petition, such claim nevertheless will be addressed on its merits using the 'objective standard of reasonableness' element of the *Strickland/Miller* test."[4]

The circuit court went on to find that the defense goal at trial was "to either reduce the severity of the individual charges or to reduce their number by requiring a very specific showing of when and what occurred with each count of the indictment." Mr. Frasher testified that petitioner's multiple confessions would have been difficult to overcome and that, if the confessions were believed, it would result in a high probability of conviction on some counts. The circuit court concluded that defense counsel's strategy was "objectively reasonable considering the overwhelming evidence against [p]etitioner." With regard to petitioner's contention that counsel's opening statement was ineffectual, the circuit court concluded that a review of that statement demonstrates that it was objectively reasonable and was made in an attempt to encourage the jury to keep an open mind and consider the testimony with a skeptical eye. In addressing the argument that trial counsel did not impeach the credibility of the State's witnesses, the circuit court found that "the trial record demonstrates that this ground is baseless . . . [because t]rial counsel made a reasonable cross examination of each and every State witness[, including addressing] biases against [petitioner], examined motivations regarding the custody of the victim, and analyzed alleged preconceptions on the part of the investigating officer."

---

[3] *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981).

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

With regard to petitioner's assertion that trial counsel failed to present an affirmative defense or call witnesses, the circuit court found that "[a] review of the entire record confirms that the strategic decision to attack specific counts in an attempt to reduce the severity or number of charges was a reasonable strategy. . . . Accordingly, [petitioner] fails to sustain his burden of proving that defense counsel's strategy constituted ineffective assistance of counsel." Regarding petitioner's contention that trial counsel's closing argument conceded the inevitable, the circuit court held that

> a review of the trial record confirms that this is a narrow and out-of-context view of the argument. Defense counsel made an argument that matched the defense strategy, which was to reduce the severity and number of charges. The statement that [petitioner] now objects to was made in reference to the presumption of innocence and the idea that, at the time of closing argument, the criminal defendant is not convicted.

The circuit court went on to find that the closing argument was not unreasonable and did not "concede the inevitable," as it was an appropriate reminder to the jury that petitioner was still presumed innocent. The circuit court further found that trial counsel made objectively reasonable arguments throughout the trial, including a well-reasoned, factual and legal argument to strike Juror 1.

> The fact that defense counsel's argument does not prevail does not prove ineffective assistance of counsel. . . . Even assuming *arguendo* that the actions of trial counsel were unreasonable, [petitioner] wholly fails to prove that the absence of such errors would have resulted in a different trial outcome as required by prong two in Syllabus point 5 of *State v. Miller*. Therefore, [petitioner's] claim that trial counsel was ineffective fails.[5]

In addressing the allegation of ineffective assistance of counsel related to the circuit court's denial of the motion to continue, the circuit court found that the denial of the motion to continue occurred prior to trial and "there was nothing that trial counsel could have done other than preserve his objection, which was accomplished. [Petitioner] has presented no evidence that, had the trial been continued, the outcome would have been different." The circuit court also considered petitioner's argument that appellate counsel was ineffective for failing to raise the trial court's denial of the motion to continue on appeal. According to the circuit court, Mr. Catlett was the appellate counsel who made the decision not to raise that issue on appeal, and Mr. Catlett testified that he made a strategic decision to present a limited number of issues on appeal that he felt

---

[5] Syllabus point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), provides:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

confident would be successful in order to "restrict" this Court to issues that gave his client the best chance to succeed. The circuit court determined that petitioner failed to meet his burden of proving that if appellate counsel had acted differently the appellate result would have been different. Therefore, the claim that appellate counsel was ineffective for declining to raise the denial of the motion to continue on appeal must fail.

Petitioner also asserted below that appellate counsel was ineffective with respect to the waiver and/or abandonment of issues. He contends that his second appellate counsel was ineffective because she abandoned the ground for appeal that the circuit court erred by denying the motion to strike a juror for cause. The second claim was the waiver of claims for appeal. Based on its earlier findings, the circuit court found that the *Strickland/Miller* test applies to those issues and petitioner has failed to show that appellate counsel committed an error or that the alleged error would have resulted in a different outcome on appeal.

Petitioner contends that appellate counsel should have argued that the indictment was insufficient, the trial court erred in refusing petitioner's motion for a bill of particulars, and the trial court erred in admitting Rule 404(b) evidence.[6] The circuit court found, first, that any appellate claim regarding alleged insufficiency of the indictment would have been barred under Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure, requiring that any such claim be raised prior to trial. In addressing the bill of particulars issue, the circuit court found that, as in *State v. Ervin*, 238 W. Va. 77, 87, 792 S.E.2d 309, 319 (2016), petitioner presented no evidence that the State's failure to provide a bill of particulars deprived him of exculpatory material or impaired his cross-examination of witnesses. In addition, the State dismissed all of the counts in the indictment to which petitioner did not confess so petitioner had adequate notice of what conduct was alleged and failed to show prejudice. With regard to the Rule 404(b) evidence, the circuit court found that petitioner failed to show that the unspecified "fourth incident" of sexual molestation was not inextricably intertwined with the sexual atrocities committed by petitioner against his eight-year-old stepdaughter. The circuit court further found that petitioner failed to show that he was prejudiced by the young victim's testimony that kissing and touching occurred throughout the course of the events charged in the indictment and admitted to by petitioner in his

---

[6] Rule 404(b) of the West Virginia Rules of Evidence provides

(b) Crimes, Wrongs, or Other Acts.
(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) *Permitted Uses; Notice Required.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Any party seeking the admission of evidence pursuant to this subsection must:
(A) provide reasonable notice of the general nature and the specific and precise purpose for which the evidence is being offered by the party at trial; and
(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

confession. As this Court previously held, "the extensive and overwhelming evidence of [petitioner's] commission of sexual acts against his stepdaughter was the basis for the jury's ultimate findings of guilt" in petitioner's trial. *Roger P. II*, 2014 WL 620483, at \*8. The circuit court, therefore, concluded that petitioner's claim that appellate counsel should have argued more claims on his behalf on direct appeal fails under *Strickland*. It went on to find that petitioner "utterly fails to show exactly how in the absence of complained of actions of his several appointed attorneys, the outcome of trial and appeal would have been different. His claims are wholly speculative, and speculation 'does not carry the day in a habeas corpus proceeding . . . .' *State ex rel. Wensell v. Trent*, 218 W. Va. 529, 534, 625 S.E.2d 291, 296 (2005)."

Finally, the circuit court found that, pursuant to Rule 9 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings, petitioner had been informed and understood his obligation to raise all grounds for relief in his omnibus habeas corpus proceedings and knowingly and intelligently waived all grounds not specifically asserted; that he set forth no state or federal constitutional grounds for relief; that he has been represented in this proceeding by competent and effective counsel; and that the result of this proceeding is not a consequence of any error or ineffective assistance on the part of habeas counsel. The circuit court then dismissed petitioner's petition with prejudice. Petitioner appeals from the circuit court's June 11, 2020, order denying his second habeas petition.

This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Further, "[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known," but "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Syl. Pt. 4, in part, *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981). Additionally, "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner asserts six assignments of error. His first two assignments of error relate to the alleged ineffective assistance of trial counsel, and the next three alleged errors relate to the alleged ineffective assistance of appellate counsel. Finally, he is critical of the substance of the circuit court's order denying the underlying second petition for a writ of habeas corpus.

## 1. Ineffective assistance of trial counsel

First, petitioner contends that the circuit court erred by finding that he waived his ineffective assistance of counsel claim. In support of this claim, he argues that he "could not have advanced the ineffective assistance of trial counsel claim [on direct appeal or in his first habeas proceeding] as [he] did not have the opportunity to raise the claims of ineffective assistance of counsel through those proceedings." He bases that argument on the fact that his first petition for habeas corpus sought re-sentencing in order to file a direct appeal and his direct appeal asserted juror and jury instruction issues. *See Roger P. I* and *Roger P. II*.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-prong standard set forth in *Strickland,* 466 U.S. at 669: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Miller,* 194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 5, in part.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.*, Syl. Pt. 6.

"When assessing whether counsel's performance was deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Id.* at 15, 459 S.E.2d at 126 (citation omitted). Further, to demonstrate prejudice, "a defendant must prove there is a 'reasonable probability' that, absent the errors, the jury would have reached a different result." *Id.* As a result, petitioner "bears a difficult burden because constitutionally accepted performance is not defined narrowly and encompasses a 'wide range.'" *Id.* at 16, 459 S.E.2d at 127. Indeed,

> [t]he test of ineffectiveness has little or nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* Consequently, "the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another." *Id.* Further, "[i]n deciding ineffective assistance of counsel claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington* . . . and *State v. Miller*, . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Daniel*, 195 W. Va. at 317, 465

7

S.E.2d at 419, Syl. Pt. 5, in part. Finally, as set forth above, "[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known . . . ." *Losh*, 166 W. Va. at 762, 277 S.E.2d at 608, Syl. Pt. 4, in part.

At the outset, we note that the only authority cited by petitioner in support of his waiver argument, aside from *Roger P. I* and *Roger P. II*, is our oft-repeated finding that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 13, *State v. Jessie,* 225 W. Va. 21, 689 S.E.2d 21 (2009). He does not cite a single case, in his petition or reply, in support of his contention that he could not assert ineffective assistance of counsel in his first habeas petition. Because petitioner bears the burden of showing error in the proceedings below, and in considering Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, we find that petitioner has failed to show that the circuit court erred in concluding that he waived his ineffective assistance of counsel claim by failing to raise it in his prior habeas proceeding.[7]

Petitioner next asserts that the circuit court erred by finding that he did not receive ineffective assistance of trial counsel. He contends that in his amended petition he asserted that trial counsel's performance was "deficient under an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Without identifying specific pages of the record, petitioner asserts that "[b]ased upon a review of the trial transcript and evidence received" the circuit court erred by finding that petitioner did not receive ineffective assistance of trial counsel "as the record shows that the result of the proceedings could have been different had trial counsel acted in a different manner." Petitioner is critical of Mr. Rasheed's failure to move to dismiss when he was incarcerated for over two terms without being indicted, despite the fact that petitioner was incarcerated on an unrelated charge during that time. Petitioner asserts that due to Mr. Rasheed's

---

[7] Rule 10(c)(7) provides:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

mismanagement of the case, Mr. Frasher was not afforded adequate time to prepare a defense on petitioner's behalf. Petitioner quotes three sentences from the transcript, wherein his trial counsel told the jury that petitioner is "still innocent right now. That does not change until after you go into the jury room and you make a decision. It may change, but not until then[.]"

Petitioner argues that a review of the trial transcript demonstrates the following: (1) trial counsel had no coherent theory of the case; (2) trial counsel did not make good legal arguments to the circuit court; (3) trial counsel's opening statement was completely ineffectual; (4) trial counsel made no effort to impeach the credibility of any of the State's witnesses; (5) trial counsel presented no affirmative defense and called no defense witnesses; and (6) trial counsel's closing argument all but conceded the inevitable. Petitioner argues that due to these issues, combined with counsel's inadequate time to prepare for the trial, it is apparent that he received ineffective assistance of trial counsel. Finally, he contends that the evidence supported a showing of actual prejudice to petitioner through the circuit court's denial of the motion for a continuance, he made a showing of prejudice in his first amended petition and the testimony presented, and the evidence showed that Mr. Rasheed's inactivity contributed to subsequent counsel's inability to prepare an adequate defense in the limited time allotted.

Despite its finding of waiver, the circuit court addressed the merits of petitioner's ineffective assistance of counsel claim, finding that petitioner failed to show that he received ineffective assistance. Upon our review of petitioner's argument and the record before this Court, we find that petitioner has not satisfied his burden of meeting either prong of the *Strickland/Miller* test. As respondent points out, although petitioner asserts that Mr. Rasheed was ineffective in that he moved slowly in taking any action in petitioner's case, he does not argue that Mr. Rasheed failed to act in any particular way that would have amounted to deficient legal representation. While he contends that Mr. Rasheed failed to move to dismiss his charges based on the fact that petitioner had been incarcerated for over two terms of court prior to being indicted, he admits that he was incarcerated on another conviction at that time. West Virginia Code § 62-2-12 provides that "[a] person in jail, on a criminal charge, shall be discharged from imprisonment if he be not indicted before the end of the second term of the court . . . ." Petitioner was not then incarcerated on the underlying charges in this matter so § 62-2-12 was inapplicable. Therefore, Mr. Rasheed was not deficient in failing to file such motion where it was clear that petitioner was not eligible for relief. Aside from that unsupported assertion, petitioner cites to nothing in the record and no legal authority that impugns Mr. Rasheed's performance. To the contrary, petitioner admits that Mr. Rasheed filed motions to continue the trial, motions to suppress, motions for additional discovery, and a motion for a psychiatric evaluation.

Further, we agree with respondent that Mr. Frasher did not implicate Mr. Rasheed's performance as the reason that he was not prepared to go to trial when he asked for a continuance in January of 2006. Instead, Mr. Frasher pointed to the number of court appearances he had made since January 3, in addition to

> juvenile days and mental health – mental hygiene proceedings that I've represented
> persons on . . . I was extensively involved . . . with three juvenile cases who've had
> what I would term 'emergency situations,' that needed to be dealt with. . . . So
> effectively, I got this case late last week, Monday this week and have put in many

hours to try to bring this case forward and go forward. But I don't think it's fair to the defendant to send him to trial to give him what's supposed to be a fair trial without giving him adequate opportunity for the defense counsel to be ready to go forward.

In addition, as the circuit court found, most of petitioner's allegations involve strategic decisions, which, with very limited exceptions, fall outside the scope of this inquiry and cannot form the basis of an ineffective assistance claim. *Daniel*, 195 W. Va. at 328, 465 S.E.2d at 430. Further, this Court has found that "[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics, and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 12, *State v. Kilmer*, 190 W. Va. 617, 439 S.E.2d 881 (1993) (citation omitted). Petitioner has not made such a showing here; he has failed to establish that the performance of either Mr. Rasheed or Mr. Frasher was so deficient that it was "outside the broad range of professionally competent assistance." Because he fails to meet the first prong of the *Strickland/Miller* test, his claim fails. Even assuming, arguendo, that trial counsels' conduct was objectively unreasonable, such conduct does not constitute ineffective assistance unless it can also be established that the conduct had such impact that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Petitioner fails to meet this burden.

### 2. Ineffective assistance of appellate counsel

In his third assignment of error, petitioner asserts that his appellate counsel provided ineffective assistance of counsel because she abandoned the ground for appeal regarding the denial of the motion to strike a juror for cause. Petitioner argues that at the time of his trial and appeal, under Syllabus Point 8 of *State v. Phillips*, 194 W. Va. 569, 461 S.E.2d 75 (1995),[8] because the trial court erred in refusing his challenge for cause to a juror and he was forced to use a peremptory strike, he is entitled to a new trial. Without citing any supporting law, petitioner asserts that

> at the time appellate counsel withdrew the juror issue, the prejudice standard was not the standard as the prejudice standard could not be applied to [p]etitioner's case as it would violate the Ex Post Facto Clause, and appellate counsel's withdrawal of

---

[8] As this Court previously held, and petitioner recognizes, that syllabus point has been expressly overruled:

> A trial court's failure to remove a biased juror from a jury panel, as required by W. Va. Code § 62-3-3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice. The holding in Syllabus point 8 of *State v. Phillips*, 194 W. Va. 569, 461 S.E.2d 75 (1995), is expressly overruled.

Syl. Pt. 3, *State v. Sutherland,* 231 W. Va. 410, 745 S.E.2d 448 (2013).

that issue prior to oral argument was clearly ineffective assistance of counsel.

Petitioner admits that Ms. Walden testified that she withdrew the issue because, after conducting further research, she did not believe that she would be able to show that petitioner was prejudiced. Generically referring to the "trial transcript," petitioner asserts that the transcript shows that petitioner had a legitimate argument as to the denial of trial counsel's motion to strike Jurors 1 and 2 for cause but that Ms. Walden withdrew that issue due to her mistaken belief that the standard at the time was whether you could prove prejudice. He also asserts ineffective assistance with regard to Juror 2, who disclosed that her granddaughter had been touched inappropriately by her mother's boyfriend, though the case filed against that boyfriend was dismissed. When asked whether she had experienced "some turmoil or dissatisfaction over that," Juror 2 responded in the affirmative. However, when asked whether that situation would cause her any difficulty in serving as a juror in petitioner's case, she responded, "I don't think so." Petitioner asserts that the circuit court erred in denying trial counsel's motion to strike Juror 2 for cause and appellate counsel was ineffective for not pursuing that issue on appeal. Juror 1 was a career law enforcement officer, working as a deputy sheriff and then an employee of the Bureau of Prisons. He was also a special investigator for the Department of Justice handling sexual assault cases. Further, he was personally acquainted with Corporal S. Ellison, a State witness against petitioner who sat at counsel table throughout the trial. Like with Juror 2, petitioner argues that the trial court erred in denying trial counsel's motion to strike Juror 1 for cause and that appellate counsel was ineffective in not pursuing that issue on appeal. Without citing any law, petitioner contends that although there is no per se rule of disqualification for law enforcement officers in criminal cases, the facts and circumstances demonstrated that the trial court erred in denying trial counsel's motion to strike Juror 1 for cause.

In *Phillips*, this Court recognized that because determinations of impartiality, in which demeanor plays such an important part, are within the province of the trial judge, an appellate court should not disturb a trial court's decision to deny challenges for cause without a showing of abuse of discretion or manifest error. *Id.* at 588, 461 S.E.2d at 94. In addition, "[t]he true test of whether a juror is qualified to serve on the panel is whether he or she can render a verdict solely on the evidence without bias or prejudice under the instructions of the court." *Id.* (quoting *State v. White*, 171 W. Va. 658, 301 S.E.2d 615 (1983)). When a defendant seeks to disqualify a juror, he/she bears the burden of rebutting the presumption of a prospective juror's impartiality. *Phillips* at 588, 461 S.E.2d at 95 (quoting *Irvin v. Dowd*, 366 U.S. 717 (1961)).

Juror 2 explained to the trial court that her granddaughter had reported to CPS in Virginia that her mother's boyfriend had touched her inappropriately. She said that she experienced "some turmoil" over the fact that nothing came from the investigation, but she agreed that she could "listen carefully to the evidence and base [her] decision squarely on the evidence presented before [her]" during trial. Trial counsel did not follow up with Juror 2 on that issue, but he did move to strike her as a juror. Juror 1 explained to the trial court that his contact with the investigating officer was limited to helping him, on one occasion, execute an arrest warrant on a visitor (presumably to the prison where he worked as a corrections officer). When asked by the trial court whether he could sit comfortably as a juror in this case despite his law enforcement background, Juror 1 responded in the affirmative, volunteering that he "wouldn't have a problem with that." He agreed that he could "put aside [his] association with police officers, [his] involvement in the [Fraternal

11

Order of Police] and [his] present job and listen carefully to the evidence rendering a fair and impartial decision based squarely on the evidence." When petitioner's trial counsel moved to strike him on the basis of his law enforcement experience and association with the investigating officer, the court denied the motion, finding that Juror 1's background as a federal corrections officer and work in law enforcement was not a per se disqualification. Under these facts, petitioner has failed to show that appellate counsel was ineffective in failing to raise this issue, as she made a strategic decision to move forward with what she believed, based on her knowledge and experience, was the strongest ground for appeal. Both potential jurors confirmed that they could render a verdict solely on the evidence without bias or prejudice under the instructions of the court so we find that appellate counsel's decision was a reasonable strategic decision. Therefore, the circuit court did not err in finding that petitioner was not entitled to relief on this ground.

His fourth assignment of error is his contention that the circuit court erred when it found that petitioner did not receive ineffective assistance of appellate counsel when appellate counsel declined to raise the issue of trial court's denial of the motion to continue on appeal. Initially, we note that he failed to cite to the record in support of any of his assertions, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Without citing to the record, he contends it is clear from the record that appellate counsel performed an inadequate investigation in failing to pursue the issue of the trial court's denial of the motion to continue, as the denial of that motion "fatally infected the case." Without citing authority, petitioner argues that if appellate counsel had pursued that issue on appeal, this Court would have had the opportunity to determine whether the trial court erred by denying the motion under the circumstances then present, with specific attention to the late appointment of petitioner's trial counsel following the removal of previous counsel "upon a claim that previous counsel had inadequately prepared for trial."

Respondent asserts that petitioner makes "quite a leap in concluding that this Court's decision in his direct appeal would have been different had it known that Mr. Frasher did not have time to prepare for trial." She contends that the likelihood of a different outcome in his appeal is neither substantial nor even conceivable. Respondent further asserts that no amount of trial preparation time would have changed what this Court found to be the "overwhelming evidence presented against petitioner" at trial, which included "extensive evidence of petitioner's commission of the sexual acts upon his stepdaughter, including his own confession[s] that he committed the acts" to multiple people; petitioner's admission that he "guess[ed he had] sexual feelings by doing that;" and the compelling testimony of the child victim. *Roger P. II*, 2014 WL 620483, at \*5.

> "The granting or denial of a motion for a bill of particulars . . . rests in the sound discretion of the trial court, and unless it appears that such discretion is abused the ruling of the trial court will not be disturbed." Syllabus Point 7, in part, *State v. Nuckols,* 152 W.Va. 736, 166 S.E.2d 3 (1969).

Syl. Pt. 2, *State v. Fairchild*, 171 W. Va. 137, 298 S.E.2d 110 (1982). This Court has also noted that when the charges in an indictment are described with sufficient particularity to inform a defendant fully and plainly of the character and the cause of the accusation, no bill of particulars is necessary. *See State v. Hudson*, 128 W. Va. 655, 661, 37 S.E.2d 553, 557 (1946). Further, "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it adopts and follows the

language of the statute, or uses substantially equivalent language, and plainly informs the accused of the particular offense charged and enables the court to determine the statute on which the charge is founded." Syl. Pt. 3, *State v. Slie*, 158 W. Va. 672, 213 S.E.2d 109 (1975) (quoting Syl. Pt. 3, *Pyles v. Boles*, 148 W. Va. 465, 135 S.E.2d 692 (1964)). Again, based upon appellate counsel's knowledge and experience, we find that the circuit court did not err in denying petitioner's petition for habeas relief based upon counsel's strategic decision not to assert this ground on appeal.

Further, in his fifth assignment of error, petitioner claims that the circuit court erred when it denied petitioner habeas relief on his claim that appellate counsel should have raised the issues that the indictment was insufficient, that the trial court erred in refusing petitioner's motion for a bill of particulars, and that the trial court erred in admitting Rule 404(b) evidence. *See* West Virginia Rule of Evidence 404(b). In support of these assertions, petitioner cites to the record only twice. Thus, the vast majority of his factual assertions in this section do not include references to the record, continuing to violate Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Without identifying specific pages in the record, petitioner asserts that "[b]ased upon the evidence and testimony received," the circuit court erred by denying petitioner habeas relief based on appellate counsel's failure to raise these issues. Petitioner repeatedly refers to the "record and testimony received" without sufficient specificity, including for the assertion that the record shows that petitioner made a showing of prejudice in this action. He refers to a "birthday incident" and an uncharged "fourth incident" without providing adequate information to identify those incidents. Petitioner also mentions conflicting evidence related to those incidents without referring to the record. His reference to the record addressing the "birthday incident" is for his assertion that the victim denied penetration, instead stating that there was "only fondling and French kissing."[9] According to petitioner, if appellate counsel had raised those issues on appeal, the outcome of the proceedings would have been different. He further asserts that the State's reference to an additional incident was highly prejudicial and left him defending against four alleged incidents, including one unindicted incident. However, petitioner's vague arguments and lack of citations to the record make it impossible for this Court to fully address these contentions. Therefore, we decline to attempt to do so.

### 3. Sufficiency of the circuit court's habeas order

Finally, petitioner argues that the circuit court erred when it failed to make its own findings of fact and conclusions of law with regard to each ground for relief raised in petitioner's first amended petition for writ of habeas corpus and its order was insufficient to permit meaningful appellate review. Petitioner asserts that the circuit court failed to comply with Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings[10] and West Virginia

---

[9] Petitioner refers to page 644 of the record for this assertion. However, neither page 644 of the record nor page 644 of the trial transcript include the quoted testimony from the victim.

[10] Rule 4(c) provides, in pertinent part, as follows:

(Continued . . .)

13

Code § 53-4A-7(c)[11] by setting forth inadequate findings of fact and conclusions of law justifying its denial of petitioner's amended petition for a writ of habeas corpus. He complains that the order was drafted by the State, rather than the circuit court. However, upon our review of that twenty-one-page order, we find that the circuit court set forth sufficient findings of facts and conclusions of law. We also note that, in his brief, petitioner does not identify any specific alleged error or omission in the circuit court's findings of fact or conclusions of law. This Court has previously found that "[a]s an appellate court, we concern ourselves not with who prepared the findings for the circuit court, but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996); *see South Side Lumber Co. v. Stone Const. Co.*, 151 W. Va. 439, 442, 152 S.E.2d 721, 723 (1967) (finding that the adoption of proposed findings of fact "operated to make such findings the formal findings of the court"). Therefore, we reject this argument as being without merit.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived.

[11] West Virginia Code § 53-4A-7(c), provides, in part:

When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.